### E. A. CALDWELL v. WILEY LANDER.

Decided February 27, 1909.

#### Limitation—Three Years' Statute—Charge.

Where, in trespass to try title, the defendant pleaded the three, five and ten years. statute of limitation, and the evidence was that he held under a deed to himself, and there was no evidence to connect his title with the sovereignty of the soil, it was error to submit the issue of title under the three years statute; and, the evidence being conflicting on the other issues, the charge was cause for reversal.

Error from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*R. D. Coughanour* and *Spence & Baker,* for plaintiff in error.

*Whitehurst & Whitehurst,* for defendant in error.

RAINEY, CHIEF JUSTICE.—This is a boundary suit brought by plaintiff in error against defendant in error to establish the ownership of a strip of land claimed by and in the possession of defendant in error. Both parties plead the three, five and ten years statutes of limitation. The court charged upon all three of said periods, and plaintiff in error bases his assignments of error upon limitation being charged as to the defendant in error.

Defendant in error claimed under only one muniment of title, that is, a deed from one Winfrey to himself, of date November 11, 1876, and there was no evidence to connect his title with the sovereignty of the soil. The evidence fails to show defendant in error held adverse possession of the land for three years under a title or color of

title from the sovereignty of the soil. There being no evidence supporting said plea of three years limitation, the court erred in giving said charge.

Defendant in error insists that this was harmless error, as the evidence conclusively shows that he was entitled to recover on other phases of the case. We do not agree to this contention, as the evidence was conflicting and was such that the charge was calculated to impress the jury that the defendant could hold under three years possession, and we can not say that the charge was not prejudicial to plaintiff in error. The judgment is reversed and cause remanded.

*Reversed and remanded.*